UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Local Union No. 1982,　　　　　　　　　　　　　　　Case No. 3:13-cv-00868
International Longshoremen's Association,

　　　　　　Plaintiff

　　　v.　　　　　　　　　　　　　　　　　　　　　MEMORANDUM OPINION
　　　　　　　　　　　　　　　　　　　　　　　　　　AND ORDER

Midwest Terminals of Toledo
International, Inc.,

　　　　　　Defendant

### INTRODUCTION

Before me is the motion of Defendant Midwest Terminals of Toledo International, Inc. to dismiss for failure to state a claim upon which relief may be granted. (Doc. No. 6). Plaintiff International Longshoremen's Association Local Union No. 1982 ("Local 1982") has filed a response. (Doc. No. 7). Midwest Terminals has filed a reply.[1] (Doc. No. 8). For the reasons stated below, Midwest Terminals' motion is denied.

### STANDARD

Rule 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Courts must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss. *Erickson v. Pardus*, 551

---

[1] Local 1982 has filed a motion to exclude from consideration an exhibit attached to Midwest Terminals' reply brief. (Doc. No. 9). Midwest Terminals filed a brief in opposition, and argues the exhibit "is part of a certified transcript of a public proceeding conducted before an administrative agency." (Doc. No. 10 at 3). I did not consider the exhibit in reaching my conclusion as to Midwest Terminals' motion, as the content of the testimony contained in the exhibit has no bearing on my resolution of that motion. Therefore Local 1982's motion to exclude is denied as moot.

U.S. 89, 94 (2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Twombly*, 550 U.S. at 555 (stating that the complaint must contain something more than "a formulaic recitation of the elements of a cause of action"). A complaint must state sufficient facts, when accepted as true, to state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct).

In conjunction with this standard, the Court is cognizant that Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. at 93 (*citing Twombly*, 550 U.S. at 596); *see also Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 295-96 (6th Cir 2008). The Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## Background

On April 17, 2013, Local 1982 filed a complaint seeking injunctive and declaratory relief as well as fees and costs. Local 1982 attached a copy of a collective bargaining agreement between

2

itself and Midwest Terminals, signed on June 20, 2006, and retroactively applicable from January 1, 2006 through December 31, 2010. (Doc. No. 1-1 at 25). Local 1982 also alleges:

> A series of grievances were filed in or around 2011 involving various contractual violations by Midwest, including the use of third parties to perform bargaining unit work, Midwest's unlawful discipline imposed on bargaining unit members, and its failure to hire bargaining unit members to perform bargaining unit work.
>
> Midwest initially refused to arbitrate the grievances despite [Local 1982's] demand to do so and . . . [Local 1982] filed an unfair labor practice charge with Region 8 of the National Labor Relations Board on this basis. In resolution of that charge, Midwest agreed to arbitrate the grievances and the parties mutually selected Arbitrator James Mancini to hear and decide the grievances. . . .
>
> Notwithstanding the CBA provisions, as well as Midwest's voluntary agreement to arbitrate in order to secure a withdrawal of [Local 1982's] unfair labor practice charge, Midwest now refuses to arbitrate the [g]rievances.

(Doc. No. 1 at 3-4). Local 1982 has not filed a copy of the agreement reached in resolution of its unfair labor practice charge.

## Analysis

Midwest Terminals argues Local 1982's claims are "not yet ripe for a determination as no actual case or controversy exists." (Doc. No. 6 at 6). Midwest Terminals claims "Local 1982's perceived injury is speculative and theoretical because the NLRB has yet to determine whether the parties had reached a full agreement on a successor contract"; further, "no contract currently exists which would require [Midwest Terminals] to proceed with Local 1982's demand for arbitration." (Id. at 6-7). Local 1982 asserts the 2006 CBA remains in force because of an automatic renewal clause, and the parties negotiated a separate agreement under which they agreed to arbitrate the grievances underlying this litigation. (Doc. No. 7 at 4).

In its complaint, Local 1982 alleged the parties agreed to arbitrate the grievances and that Midwest Terminals failed to abide by this agreement. Midwest Terminals does not directly contest or otherwise acknowledge this allegation. I conclude Local 1982 has pled "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 570).

3

Section 30 of the 2006 CBA states in part that the agreement "shall renew itself for yearly periods unless written notice of intent to terminate, modify, change, or amend the [CBA] is received by either party from the other party . . . ." (Doc. No. 1-1 at 25). Local 1982 argues this clause, by extending the CBA, supports the existence of a justiciable controversy. (Doc. No. 7 at 5). Midwest Terminals failed to respond to this argument. The parties agree they engaged in negotiations for a successor agreement, but neither side indicates whether the written notice requirements of the renewal clause were satisfied. As I conclude Local 1982 has set forth a plausible claim for relief based upon its factual allegations of a side agreement, I find it is unnecessary to resolve the renewal clause issue at this time.

## Conclusion

For the reasons stated above, the motion of Midwest Terminals to dismiss for failure to state a claim is denied.

So Ordered.

s/ Jeffrey J. Helmick<br>United States District Judge