UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Local Union No. 1982,
International Longshoremen's Association,   Case No. 3:13-cv-00868

      Plaintiff

  v.   MEMORANDUM OPINION & ORDER

Midwest Terminals of Toledo International, Inc.,

      Defendant

      Plaintiff International Longshoremen's Association, Local Union No. 1982 ("Local 1982"), has filed a motion for sanctions pursuant to Rule 11 against Defendant Midwest Terminals of Toledo International, Inc. (Doc. No. 32). Midwest Terminals filed a brief in opposition. (Doc. No. 34). Local 1982 filed a brief in reply. (Doc. No. 38). Local 1982 initiated this litigation, seeking injunctive and declaratory relief concerning Midwest Terminals' alleged failure to submit to arbitration with respect to certain grievances. (Doc. No. 1). Midwest Terminals asserts it is not required to arbitrate the grievances because the collective bargaining agreement ("CBA") which previously governed the parties' relationship expired. (Doc. No. 14 at 2-3). Local 1982 claims it is entitled to sanctions under Rule 11 because Midwest Terminals has filed two lawsuits claiming Local 1982 and its president have tortiously interfered with the parties' longstanding business relationship by violating certain terms and conditions of the CBA. For the reasons stated below, Local 1982's motion is denied.

Local 1982 claims the position Midwest Terminals takes in this case is "clearly contrary" to the position it takes in two other lawsuits between these parties. (Doc. No. 32-1 at 9); *see* (Doc. No. 32-5 and 32-6). But Local 1982 oversimplifies the matter. In this case, Midwest Terminals argues the arbitration provision is no longer in effect and it is not otherwise contractually obligated to arbitrate the grievances at issue. In the other lawsuits, Midwest Terminals alleges Local 1982 violated certain continuing obligations arising out of the CBA. (Doc. No. 34 at 6).

Midwest Terminals does not claim in one case that the CBA continued in full effect, while in another case arguing none of its provision have any remaining importance; despite what Local 1982 implies in its motion and briefing, this is not an "either / or" issue. As Midwest Terminals points out, while employers generally are prevented from making unilateral changes to existing terms and conditions of employment under a CBA, this rule does not extend to arbitration clauses. *See, e.g., Litton Fin. Printing Div. v. N.L.R.B.*, 501 U.S. 190 (1991). While the correctness of Midwest Terminals' position no doubt remains in dispute between the parties, Local 1982 fails to carry its burden of proving Midwest Terminals' contentions "are [not] warranted by existing law." *See* Fed. R. Civ. P. 11(b)(2).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

2